# Clayton J Lance
## Attorney at Law

2034 Columbia Boulevard, Suite 201 claytonlancelaw@outlook.com
St. Helens, Oregon 97051 (503) 369-0977

---

27 February 2023

The Honorable Judge Aiken
United States District Court
For the District of Oregon
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401

Regarding sentencing memo:
United States v. Shannon Christopher Harrop
Case No.1:20-cr-00260-001-AA

Dear Judge Aiken,

Defendant and council have reviewed the PSR written by officers John M. Bodden and Ashley S. Wong and issued on 22th February 2023. Mr. Harrop would like to take this opportunity to provide the Court with important and relevant information to assist in its careful consideration and discerned decision making.

1. **PSR Review:**
    The PSR accurately records and sets forth;
    1. The federal criminal charges;
    2. The facts of the crime;
    3. The guideline calculations;
    4. Defendant Harrop prior criminal history;
    5. Acceptance of timely guilty plea

2. **Summary Overview:**
    Mr. Harrop has made a statement accepting full responsibility for his role in these crimes and has plead guilty to the charges. This has led to the recommended 3-level reduction for acceptance of responsibility.

3. **Family History:**
    Shannon's mother, Maria Smith, divorced his father, Jay Harrop, when Shannon was at a crucial and susceptible age. Thereafter, his mother entered into two highly toxic marriages with abusive husbands. Neither step-father cared for Shannon and were very abusive.

During this time his biological father was working the "swing shift" as a bar manager. Neither biological parent had control of Shannon and the parent-child relationship was, for all intent and purpose, severed. Shannon's mother carried, and continues to carry, tremendous guilt which led her to become extremely lenient and overly permissive.

4. **Nuclear Family:**

   Mr. Harrop married Brittney West and they had a male child. Mr. Harrop loves "his boy" and attempts to call him daily.

   Although divorced, Ms. West has been very open and graciously encourages the father-son relationship. Mr. Harrop remains in contact with mother and child.

   Mr. Harrop understands the unacceptable irony that his incarceration, in some ways, duplicates his own experiences of parental alienation and dysfunction. Whenever possible, Mr. Harrop writes his son and includes poems and artwork.

5. **Mental Health Issues:**

   Mr. Harrop has been formally diagnosed as having Depressive Disorder in combination with an Anxiety Disorder.

   His personal history reveals a long-term addiction disorder. In adulthood, he has continuously used substantial quantities of multiple drugs.

   To Counsel and his family members, he also has ADHD type characteristics which he expends tremendous energy to control. He does so by "hyper focusing" on tasks. ADHD literature reveals highly intelligent people can, and do, hyper focus.

   However, when combined with mental and addictive disorder, hyper focus can create very negative outcomes. This can include deceit and manipulation.

   Mr. Harrop knows and is fully aware he has been deceitful and manipulative. Please refer to his final letter to this Court.

6. **Counseling & Therapy:**

   Mr. Harrop suffers from (at least) a dual diagnosis. He needs serious and continuous counseling for depression and drugs. He also needs extended therapy for self-identity and self-worth. Mr. Harrop fully understands this treatment must occur if he should have a successful life.

7. **Intellectual & Academic Capacity:**

   Mr. Harrop presents as very bright. His mother reports Mr. Harrop was an outstanding student in grade school and into his first years of high school. His academic excellence quickly deteriorated after he began using controlled substances.

   Throughout his legitimate professional career, Mr. Harrop excelled. For instance, at Lithia Motors, he was continuously an outstanding and top salesman. We expect his boss will be on the line in support of Mr. Harrop.

8. **Creativity Talent:**
Mr. Harrop exhibits exceptional creativity having (hand) wrote four books during the three plus years of his incarceration for which he has acquired an agent, editor, and publisher with the intent to distribute his works. Mr. Harrop has also written many book reports to memorialize his actions and lessons he has learned. Mr. Harrop also engages in artistic endeavors which are currently in progress. We have previously provided this Court with two large Notebooks. We will provide a third prior to sentencing.

9. **Self Help Books & Articles:**
Again, during incarceration, Mr. Harrop has read numerous books, trainings and articles directed at "thinking about his thinking."
The areas include the following areas:
   1. Emotional Regulation
   2. Overcoming Emotional Dysregulation
   3. Cognitive Thinking

10. **General Disposition:**
The family reports, and Mr. Harrop confirms, he tries extremely hard to be outgoing, friendly, polite, and attentive to others.

    Yet, family and this counsel's personal observations, indicate Mr. Harrop struggles with serious insecurities and negative self-worth. The "gap" is wide between the external self and the true internal self.

    Mr. Harrop can now acknowledge his challenges which support a cycle of anxiety, depression, insecurity, and negative self-worth. He agrees he must make every effort to be authentic.

11. **Support Networks:**
Mr. Harrop has multiple people, professionally and personally, who continue to strongly support and standby him.

    We expect the following list of people to be on the line at sentencing:
    1. Carnahan, Rylan    Brother
    2. Dooley, Tyler      Sponsor
    3. Harrop, Jay        Father
    4. Harrop, Nicaea     Sister
    5. Lawrence, Jason    Lithia GM
    6. West, Brittney,    Ex wife
    7. Valencia, Angel    Agent
    8. Smith, Maria       Mother

    All of Mr. Harrop's family supports him. This counsel has met at his Mother's house to meet and discuss the entire case. The family understands the facts and seriousness of this case.

    Mr. Harrop has also created a professional publishing team including the following professional support members:
    1. Agent              3. Editor
    2. Beta Reader        4. Publisher

**12. Prior criminal history:**

Mr. Harrop does not have a prior history of violent or person crimes. More importantly, he has no other history of violence against others. His family reports he is not aggressive or violent and that he has never been involved in such conduct.

**13. Co-Defendants:**

The Court has sentenced (almost all) other remaining Co-Defendants. The highest sentence is 120 months given to Delander Edward Moore.

Different and separate considerations apply to the Co-Defendants. Yet the comparison is not merely simple. We suggest Mr. Harrop has positively distinguished himself and we would ask this Court to weigh, balance, and evaluate his participation/leadership at the times of the crimes compared to his later post arrest actions.

**14. Three Plus Years:**

Mr. Harrop independently determined that going to trial was not in his best interests which led him to his prompt plea. His family and friends retained new counsel in order to assist him. Due to his decisive actions we changed course toward accepting his culpability.

**15. Sentence Range:**

After 3 years and constant discussion, the Government agreed Mr. Harrop could ask for seven years and a day.

Mr. Harrop asks this Court to consider a range of 84 months to 120 months. This range adequately punishes Mr. Harrop for his criminal behavior and acknowledges all that he has accomplished during his incarceration.

**16. 3553 Considerations:**
1. Youth;
2. Acceptance of Responsibility;
3. Contrition and Remorse;
4. Capacity to learn, modify and grow;
5. History of untreated sex abuse and violence;
6. History of Depressive and Drug Disorder;
7. Previous lack of violent history;
8. Professional Opportunities & Support Network;
9. Family Support Network;
10. Willingness to Engage in Substantial Counseling, therapy and Treatment.

/s/ Clayton Lance
Clayton Lance, OSB # 852640
Attorney for Defendant